

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
AUG 16 2011
CLERK, U.S. DISTRICT COURT
by_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

DOUG HUSEMAN, §
 §
     Plaintiff, §
 §
VS. § NO. 4:10-CV-670-A
 §
CITY OF COLLEYVILLE, TEXAS, §
 §
     Defendant. §

MEMORANDUM OPINION
and
ORDER

    Before the court for decision is the motion for summary judgment filed June 10, 2011, by defendant, City of Colleyville, Texas ("City"). After having considered such motion, the response of plaintiff, Doug Huseman, thereto, City's reply, the entire summary judgment record, and pertinent legal authorities, the court has concluded that such motion should be granted, and that all plaintiff's alleged causes of action should be dismissed.

I.

Plaintiff's Pleading

    Plaintiff's current pleading is his first amended complaint. In summary, he alleges the following:

Plaintiff, a 44 year-old male, was employed by City as a police officer from March 31, 2000, until his resignation on November 13, 2008. In early 2008, a female officer, Jennifer Chavez ("Chavez"), sent nude and/or partially nude pictures of herself to plaintiff. Plaintiff did not solicit the pictures, and Chavez sent them freely and willingly. Chavez regularly instigated, and engaged in, sexually oriented conversations with plaintiff.

Some time after Chavez sent plaintiff nude pictures of herself, Lieutenant Doug Cooper ("Cooper") asked Chavez to submit a written statement describing one of her conversations with plaintiff. Based on the statement submitted by Chavez to Cooper, City accused plaintiff of sexually harassing Chavez and punished him, even though Chavez wrote in the statement that she did not feel sexually harassed by plaintiff, and even though City did not have an official complaint of sexual harassment from Chavez. Plaintiff made City aware that Chavez had sent him nude pictures, but City did not discipline Chavez.

City then accused plaintiff of sending sexually explicit pictures of himself to Chavez and told plaintiff that it would fire him if he did not resign. City offered to enter into a written contract with plaintiff by which City agreed to give

plaintiff a positive job recommendation printed on official City letterhead and signed by the proper official in exchange for his resignation. Plaintiff signed the contract and resigned.

The causes of action alleged by plaintiff are as follows:

1. <u>Breach of Contract:</u> City breached the settlement agreement by failing to provide plaintiff with a positive letter of recommendation on City letterhead and signed by the proper official. City also breached the settlement agreement by failing to report his resignation on state-mandated paperwork called the "F-5" in a manner that will allow him to obtain other employment. Plaintiff has been unable to secure adequate employment because of City's breach, resulting in lost income, health insurance, and retirement benefits.

2. <u>Promissory Estoppel:</u> The same facts that entitle plaintiff to recover for breach of contract also entitle plaintiff to recover under the doctrine of promissory estoppel.

3. <u>Gender Discrimination:</u> City discriminated against plaintiff on the basis of sex in violation of Title VII of the Civil Rights Act when it terminated plaintiff for sending Chavez sexually explicit pictures of himself but did not terminate Chavez, even though she was a similarly situated employee and

3

engaged in the same conduct that caused City to terminate plaintiff.

    4. <u>Hostile Work Environment:</u> City discriminated against plaintiff on the basis of sex in violation of Title VII by creating a hostile work environment. City created a hostile work environment by terminating plaintiff after he filed a grievance regarding the discriminatory treatment he received.

## II.

### Grounds of the Motion

    City's motion seeks summary judgment as to all of plaintiff's alleged causes of action.

    City contends that plaintiff's gender discrimination and hostile work environment causes of action are barred by a provision of the settlement agreement releasing City from liability to plaintiff under Title VII. City alternatively maintains that such causes of action fail even if they are not barred by the settlement agreement. Plaintiff's gender discrimination claim fails because Chavez was not similarly situated to plaintiff, and, even if she was, City had legitimate, nondiscriminatory reasons for asking plaintiff to resign. Plaintiff's hostile work environment claims fails because

plaintiff did not exhaust administrative remedies and because he cannot prove the elements of such a claim.

As to plaintiff's breach of contract claim, City asserts that the undisputed evidence shows that it did not breach the contract. Contrary to what plaintiff says in his amended complaint, the settlement agreement did not require that the letter of recommendation provided by City be on letterhead, nor did it specify who was to sign the letter. Rather, the agreement required that City provide plaintiff with a "globally applicable written letter of recommendation." City provided plaintiff with two such letters, one signed by City's chief of police, and one signed by the mayor of City. Plaintiff's contention that City breached the settlement agreement by failing properly to report plaintiff's resignation on the F-5 also lacks merit; the settlement agreement did not so much as mention the F-5, and, in any event, City reported plaintiff's resignation in accordance with state law.

City gives several reasons why plaintiff's promissory estoppel claim fails. First, because plaintiff's promissory estoppel claim rests on the same facts as plaintiff's breach of contract claim, it fails for the same reasons his breach of contract claim fails. Second, a party cannot make an affirmative

5

claim for relief based on promissory estoppel. Third, the existence of an express contract between the parties, i.e., the settlement agreement, bars recovery under a theory of promissory estoppel as a matter of law.

III.

Applicable Summary Judgment Principles

Rule 56(a) of the Federal Rules of Civil Procedures states that the court shall grant summary judgment on a claim if there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. The movant bears the initial burden of informing the court of the basis of its motion and identifying the parts of the record it believes demonstrate an absence of a genuine dispute of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 325 (1986). A fact is "material" for purposes of Rule 56(a) if it has the potential to affect the outcome of the case under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is "genuine" if the evidence is such that a rational trier of fact could resolve the dispute in favor of either party. Id.

Once the movant has carried its burden, the nonmovant must go beyond its pleadings and demonstrate through submissions of evidentiary quality that a trialworthy dispute exists. Celotex,

6

477 U.S. at 324; see also Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ."). If the record taken as a whole could not lead a rational trier of fact to find for the nonmovant, then there is no genuine dispute for trial, and summary judgment is appropriate. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 597 (1986).

IV.

Analysis

A.   Gender Discrimination and Hostile Work Environment

City contends that plaintiff's gender discrimination and hostile work environment causes of action are barred by the following provision of the settlement agreement:

> Except with respect to any rights created by or arising under this Agreement, and to the extent allowed by law, Employee hereby forever releases acquits, dismisses and discharges the City from any and all claims [and] liabilities . . . that could be alleged under Title VII of the Civil Rights Act of 1964 . . . that may exist or arise as a result of actions or omissions of the City, up to any through the date of the execution and performance of this Agreement.

City's Mot., App. at 2 (emphasis added).

There is nothing in the summary judgment record that causes the court to think that such provision should not be enforced to bar plaintiff from recovering on his gender discrimination and hostile work environment causes of action. Plaintiff's contention that the settlement agreement fails for lack of consideration is, for the reasons discussed by City in its reply, entirely without merit. Plaintiff has not advanced any other reason why the release provision should not be enforced. Thus, the court concludes that it should be enforced, and that plaintiff's gender discrimination and hostile work environment causes of action should be dismissed.

B.   <u>Breach of Contract</u>

Plaintiff's breach of contract claim should also be dismissed because the court has concluded, as a matter of law, that City did not breach the settlement agreement in either respect alleged by plaintiff.

The parties do not dispute that the express terms of the agreement required City to provide plaintiff with a "globally applicable written letter of recommendation," City's Mot., App. at 2, and that City provided plaintiff with two letters, one signed by City's chief of police and one signed by the mayor of City. The court has reviewed those letters, which were included

by the parties in the summary judgment record, and has determined that the letter signed by City's mayor is a "globally applicable written letter of recommendation." Thus, plaintiff's contention that City breached its obligation to provide such a letter is without merit.

Plaintiff's contention that City breached the settlement agreement by failing to report his resignation on the F-5 is likewise without merit. The settlement agreement did not contain any express or implied terms requiring City to report plaintiff's resignation on the F-5 in a particular manner. And, the summary judgment record demonstrates that City reported plaintiff's resignation as it was required to do by state law.

For these reasons, plaintiff's breach of contract claim should be dismissed.

C.  Promissory Estoppel

City is also entitled to dismissal of plaintiff's promissory estoppel cause of action. Promissory estoppel is an equitable doctrine that prevents a promisor from avoiding a promise that it not contractually binding where injustice can be avoided only be enforcing the promise. See Wheeler v. White, 398 S.W.2d 93, 96 (Tex. 1966). In other words, a necessary condition of a successful promissory estoppel claim is that the promise sought

to be enforced is not covered by an binding written agreement. See El Paso Healthcare Sys., Ltd. v. Piping Rock Corp., 939 S.W.2d 695, 699 (Tex. App.--El Paso 1997, writ denied); see also Subaru of Am., Inc. v. David McDavid Nissan, Inc., 84 S.W.3d 212, 226 (Tex. 2002) ("[T]he promissory-estoppel doctrine presumes no contract exists."). In this case, the promises plaintiff is trying to enforce through his promissory estoppel claim are both promises that plaintiff alleges are covered by the settlement agreement. Thus, as a matter of law, plaintiff cannot enforce those promises through promissory estoppel.

V.

Order

For the reasons given above,

The court ORDERS that City's motion for summary judgment be, and is hereby, granted, and that all causes of action asserted by plaintiff against City be, and are hereby, dismissed.

SIGNED August 16, 2011.

_____
JOHN McBRYDE
United States District Judge